IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WENDY AGUILAR                                                    PLAINTIFF

v.                          CIVIL NO. 5:16-CV-5265

NANCY A. BERRYHILL,[1] Acting Commissioner
Social Security Administration                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Wendy Aguilar, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and

XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether

there is substantial evidence in the administrative record to support the Commissioner's

decision. See 42 U.S.C. § 405(g).

Plaintiff filed her application for DIB and protectively filed her application for SSI on

February 18, 2014, alleging an inability to work since September 27, 2013, due to chronic low

back pain, joint problems, psoriatic arthritis, bipolar disorder, and fibromyalgia. (Tr. 69, 79,

93, 108). An administrative hearing was held on February 24, 2015, at which Plaintiff and a

vocational expert testified. (Tr. 45-68).

By written decision dated May 13, 2015, the ALJ found that during the relevant time

periods, Plaintiff had severe impairments of bipolar disorder, borderline personality disorder,

and disorder of the back. (Tr. 26). After reviewing all of the evidence presented, the ALJ

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 27). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that Plaintiff can do work limited to simple, routine, and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes and no more than incidental contact with coworkers, supervisors, and the general public. (Tr. 28-29). With the help of a vocational expert, the ALJ determined that while Plaintiff was unable to perform her past relevant work, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a toy stuffer, tile table worker, and almond blancher. (Tr. 36).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 22, 2016. (Tr. 11-17). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 29th day of March, 2018.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE